IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELE R. LABATE-WATTERSON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 12-1110
)
CAROLYN W. COLVIN,[1] )
Commissioner of )
Social Security )
)
    Defendant. )

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER**

I. Synopsis

In this case, Plaintiff Michele R. Labate-Watterson seeks judicial review of the denial of her application for Social Security Disability Insurance Benefits ("DIB"). Pending before this Court are cross-motions for Summary Judgment. ECF Nos. [7] (Plaintiff) & [9] (Defendant). Both parties have filed briefs in support of their motions. ECF Nos. [8] (Plaintiff) & [10] (Defendant). Plaintiff alleges that the Commissioner of Social Security ("Commissioner") improperly denied her benefits when she refused to reopen and consider prior applications for DIB. Pl.'s Br., ECF No. 8, 3. Defendant argues that Plaintiff is not entitled to DIB and that this Court lacks jurisdiction to review Plaintiff's denial of benefits. Def.'s Br., ECF No. 10, 1-2. After careful review of the submissions of the parties and based on my Opinion, as set forth

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), when a public officer who is party to a case in his official capacity ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Accordingly, Carolyn W. Colvin is substituted for named defendant Michael J. Astrue.

1

below, I GRANT Plaintiff's Motion for Summary Judgment [7] and DENY Defendant's Motion for Summary Judgment [9].

II. Background

Plaintiff first filed for Social Security Disability Insurance Benefits ("DIB") on May 15, 2002, alleging an onset date of April 3, 1997.[2] Pl.'s Br. 4; Def.'s Br. 4. The application was denied in August 2002 and never appealed.[3] Pl.'s Br. 4-5; Def.'s Br. 4; ECF No. 6-2, 14. Plaintiff again filed for DIB on October 2, 2008 with a protective filing date of September 18, 2008. Pl.'s Br. 5; Def.'s Br. 4; ECF No. 6-2, 14; ECF No. 6-4, 2. Plaintiff's second application for DIB was denied the same month (October 10, 2008) and, according to Plaintiff, was not appealed. *Id.*; ECF No. 6-7, 18. She again alleged an onset date of April 3, 1997. ECF No. 6-8, 2. Plaintiff filed a third application for SSI on April 12, 2010, which the Commissioner also denied. Pl.'s Br. 5, Def.'s Br. 4, ECF No. 6-7, 11-13. Plaintiff subsequently filed additional applications for DIB on August 24, 2010 and December 13, 2010. ECF 6-2, 14 & 28. All of these subsequent applications were consolidated with Plaintiff's request to reopen prior DIB applications at Plaintiff's hearing on reconsideration of her Supplemental Social Security Income ("SSI") claims, as explained more fully, *infra*.

Plaintiff filed a claim for SSI on September 18, 2008. ECF No.6-2, 15. She timely appealed an initial denial and secured a hearing before an Administrative Law Judge ("ALJ"). ECF No. 6-5, 7. ALJ Fow postponed Plaintiff's hearing once to allow her to secure counsel. ECF No. 6-3, 54-139; ECF No. 6-5, 40. After a full hearing on Plaintiff's 2008 SSI claim, ALJ

---

[2] The ALJ gave two different dates for the onset date listed in Plaintiff's first application. ECF No. 6-2, 15-16 (onset date of April 3, 2007 versus April 3, 1997). The 2007 date appears to be a typo because the parties agree that the alleged onset date for the first application is April 13, 1997.
[3] As Plaintiff points out, the record does not contain copies of Plaintiff's application or the Commissioner's denial letter for Plaintiff's first DIB application. However, the parties agree on this procedural history, and it is supported by a Disability Determination and Transmittal form found in the record.

Fow issued an unfavorable decision. ECF No. 6-4, 9-17. The Appeals Council granted Plaintiff's request for review and remanded the case back to an ALJ for further consideration. ECF No. 6-4, 22-24. Plaintiff subsequently had filed a second application for SSI on November 18, 2010, and the Appeals Council ordered that it be consolidated with her 2008 SSI claims on remand. *Id.* at 24. On August 18, 2011, ALJ Wood conducted a hearing pursuant to the Appeals Council's remand on Plaintiff's Title XVI, or SSI, claims. ECF No. 6-2, 22-82. At the hearing, Plaintiff's attorney requested that ALJ Wood reopen Plaintiff's prior DIB claims.[4] ECF No. 6-2, 28. On August 26, 2002, ALJ Wood issued a fully favorable decision as to Plaintiff's request for SSI and denied Plaintiff's DIB claims by refusing to open any of her prior applications.[5] ECF No. 6-2, 16.

Plaintiff now appeals the denial of DIB. As the parties have filed cross-motions for Summary Judgment, the issues are ripe for review.

III. Legal Analysis

   *A. Standard of Review*

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are

---

[4] The exchange between Plaintiff's attorney and ALJ Wood supports Plaintiff's argument that Plaintiff's latter DIB applications (April 2010 and December 2010) may have been pending at the time of ALJ Wood's consideration and, therefore, not in need of reopening. ECF No. 6-2, 28; *see* Pl.'s Br. 10. At the hearing, Plaintiff's attorney was unclear of the exact status of these applications. ECF No. 6-2, 28. Nevertheless, it is clear that ALJ Wood consolidated all of Plaintiff's claims when considering whether she was eligible for DIB.
[5] ALJ Wood also denied reopening of Plaintiff's prior applications for SSI. ECF No. 6-2, 16.

3

conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

However, sometimes a federal court lacks jurisdiction to review the Commissioner's decision for substantial evidence because the decision is one that, statutorily, is left to the discretion of the Commissioner. Such is the case of a claimant's request for review of an ALJ's denial to reopen an earlier decision. 20 C.F.R. § 404.903(l). There are a few exceptions to the Court's limited jurisdiction regarding a denial of reopening. *Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987), abrogated on other grounds by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (finding jurisdiction where there is a *de facto* reopening); *Califano v. Sanders*, 430 U.S. 90, 106 (1977) (permitting jurisdiction when claimant raises a colorable constitutional claim). They are discussed more fully, *infra*.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

   *B. The Relevant Review Period*

For all of Plaintiff's applications for Social Security benefits, she appears to allege an onset date of April 13, 1997. ECF No. 6-2, 28. Nevertheless, as Defendant points out, the relevant review period for Plaintiff's DIB claims is limited by her date last insured. Def.'s Br. 4,

4

n.3. Moreover, a qualifying claimant may only receive DIB for up to twelve months immediately before the month in which her application was filed. 20 C.F.R. § 404.603. The parties agree that Plaintiff's date last insured was December 31, 2001. *Id.*; Pl.'s Br. 2. Therefore, no matter the onset alleged, Plaintiff may not receive DIB beyond the twelve month window preceding the filing of her application. *Id.*

*C. Whether the ALJ Erred in Denying Plaintiff Disability Insurance Benefits ("DIB")*

Foremost, Plaintiff's argument is that the ALJ erred in his application of the legal doctrines of *res judicata* and administrative finality by: (1) refusing to reopen Plaintiff's May 15, 2002 claim for DIB, and (2) barring litigation of Plaintiff's subsequent DIB claims. Pl.'s Br. 5-11. As to Plaintiff's subsequent applications, Plaintiff argues that the October 2, 2008 application should have been reopened for good cause and that the April 12, 2010 application was pending on appeal and did not need to be reopened. *Id.* Defendant argues that this Court lacks jurisdiction to review the Commissioner's decision not to reopen prior applications. Def.'s Br. 1-2.

Judicial review of final decisions on claims arising under the Social Security Act is limited by Sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g) & (h). "It is well settled that federal courts lack jurisdiction under § 205 to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on *res judicata* grounds." *Tobak v. Apfel*, 195 F.3d 183 (1999) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977) and *Stauffer v. Califano*, 693 F.2d 306, 307 (3d Cir. 1982)). Although a federal court has the ability to determine its own jurisdiction by examining whether *res judicata* has been properly applied, *id.* (citing *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981)), the decision not to reopen a prior claim is a discretionary decision afforded to the Commissioner and not subject to

judicial review. *Sanders*, 430 U.S. at 108. There exist only two exceptions to this limit on judicial review: (1) where a *de facto* reopening has occurred, *Coup*, 834 F.2d at 317, and (2) where a claimant challenges the Commissioner's decision on constitutional grounds. *Sanders*, 430 U.S. at 108.

Here, Plaintiff is correct in her assertion that the ALJ explained the legal doctrine of *res judicata* but never stated whether he applied the doctrine to bar reopening or litigation of any of Plaintiff's applications for DIB. ECF No. 6-2, 15. Rather, it is apparent that the ALJ declined to reopen all of Plaintiff's applications for DIB by applying the doctrine of administrative finality.[6] *Id.* at 16. Accordingly, because there is no *res judicata* predicate for this Court to consider, my jurisdiction to review the ALJ's decision not to reopen Plaintiff's DIB claims is limited. I now address the exceptions to my ability to review Plaintiff's claims.

First, even where the Commissioner declines to reopen a claim, prohibiting judicial review, a federal court "will examine the record to determine whether or not a reopening has occurred." *Coup*, 834 F.2d at 317. A reopening will be found "'where the administrative process does not address an earlier decision, but instead reviews the entire record in the new proceeding and reaches a decision on the merits . . . ." *Id.* (citing *Kane v. Heckler*, 776 F.2d 1130, 1132 (3d Cir. 1985)). In *Kaszer v. Massanari*, 40 Fed. Appx. 686 (3d Cir. 2002), an unpublished opinion, the Third Circuit stated that the Commissioner's explicit refusal to reopen a prior claim does not prevent a federal court from possibly finding that a *de facto* reopening has occurred. 40 Fed. Appx. at 693. This means that the ALJ "must address whether the prior adjudication will be used for its preclusive effect or whether it will be reopened." *Kaszer*, 40 Fed. Appx. at 693-94. Here, the ALJ explicitly addressed the earlier, unfavorable DIB decision

---

[6] Even though at least one of Plaintiff's DIB claims may have been pending and thus not in need of reopening, because the ALJ explained his denial of Plaintiff's DIB claims as a declination to reopen, I find that I am without jurisdiction to review the ALJ's denial.

(May 2002) and, finding no good cause to reopen, concluded that subsequent applications were time-barred procedurally due to the legal doctrine of administrative finality. ECF No. 6-2, 15. Therefore, there is no *de facto* reopening because the ALJ never reached a decision on the merits of Plaintiff's DIB claims. *See Haas v. Bowen*, 694 F. Supp. 85, 87 (M.D. Pa. 1987).

In a footnote, Plaintiff argues that there was a *de facto* reopening of a least a portion of the December 2, 2008 and April 12, 2010 applications because the ALJ reviewed a portion of the evidence that would also have been used to review the DIB claims when he awarded SSI benefits from September 18, 2008 onward. ECF No. 8, 10 n.6. The ALJ reviewed the evidence pertinent to Plaintiff's pending SSI claims pursuant to a remand from the Appeals Council. ECF No. 6-4, 22-24; ECF No. 6-6, 39-40. Therefore, the ALJ never reached the merits of Plaintiff's DIB claims because he refused to reopen them for procedural reasons. *See* ECF No. 6-2, 15. Accordingly, even if the ALJ reviewed evidence that also may have supported Plaintiff's subsequent DIB applications when considering Plaintiff's SSI claims, no *de facto* reopening can be found where the ALJ explicitly precluded them from consideration.

Second, federal courts have jurisdiction to review a claimant's challenge to the Commissioner's decisions based on constitutional grounds. *Sanders*, 430 U.S. at 109. As the Supreme Court explained: "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Id.* Courts in the Third Circuit have recognized this exception to the general rule barring judicial review of unopened claims when colorable constitutional claims are raised. *See Aponte v. Sullivan*, 823 F. Supp. 277, 281 (E.D. Pa. 1993) (finding colorable constitutional claim gave court jurisdiction to review reopening where claimant alleges defective notice of appellate rights); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983) (same). A colorable

7

constitutional claim "must be collateral to the merits of the [Commissioner's] decision not to reopen the prior determination." *Haas*, 694 F. Supp. at 90.

In the present case, Plaintiff first argues that she was denied due process because (1) she was denied "a meaningful opportunity to be address [] evidence [of the applicability of *res judicata* or administrative finality] as it was never made part of the record," and (2) the ALJ failed to consider her proffered "new and material" evidence. ECF No. 8, 11-12. These arguments are without merit. I find Plaintiff's claims to be against the substantial evidence of record, not collateral to the merits of the Commissioner's decision not to reopen Plaintiff's DIB claims, and not the type of constitutional claim sufficient to permit judicial review. ECF No. 6-2, 27-28 & 30-31; ECF No. 6-11, 17-20; *see also Stauffer*, 693 F.2d at 307 (3d Cir. 1982) (stating: "the constitutional questions contemplated by *Sanders* deal with incompetency and lack of counsel.").

Plaintiff also argues the Commissioner violated her due process rights because she was unrepresented during earlier proceedings and her mental impairments made it impossible for her to understand and exercise her appellate rights in a timely fashion and, thus, she has a right to the reopening of her applications. Pl.'s Br. 12 (citing *Young v. Bowen*, 858 F.2d 951 (4th Cir. 1988); *Parker v. Califano*, 644 F.2d 1199 (6th Cir. 1981); *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997)). As to this argument only, I find that Plaintiff has stated a colorable constitutional claim.

"Only the [Commissioner] has authority to determine whether a claimant has shown good cause for an untimely filing." *Bacon v. Sullivan*, 969 F.2d 1517 (3d Cir. 1992). While the ALJ concluded that Plaintiff has several severe mental impairments that are disabling for the purpose

of evaluating her pending SSI application,[7] the ALJ did not opine on whether these mental impairments affected Plaintiff's ability to understand and timely act upon denials of DIB when proceeding *pro se*. ECF No. 6-2, 15 (in assessing whether Plaintiff presented good cause for reopening, the ALJ stated: "It is evident that no argument (valid or otherwise) has been made that this initial determination [for DIB] was the product of fraud or similar fault."); *See Parker*, 644 F.2d at 1203. "It is axiomatic that Section 205(b) of the Social Security Act, 42 U.S.C. 405(b), and due process require that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied." *Id.* Because the ALJ did not address whether Plaintiff had the ability to understand and comply with notification of further administrative procedures, it remains in question whether Plaintiff was denied due process. Accordingly, I remand to the Commissioner for further consideration of Plaintiff's request to reopen her prior DIB applications. The Commissioner is instructed to analyze the evidence of record and make a determination whether Plaintiff's mental impairments and *pro se* status prevented her from understanding and pursuing her administrative remedies following denial of her applications for benefits.

An appropriate order shall follow.

---

[7] In evaluating Plaintiff's SSI claim, the ALJ found Plaintiff has the severe impairments of a history of brain injury, cognitive disorder, generalized anxiety disorder, major depressive disorder, bipolar disorder and borderline intellectual functioning. ECF No. 6-2, 17.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE R. LABATE-WATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of<br>Social Security<br><br>    Defendant. | Civil Action No. 12-1110 |

AMBROSE, U.S. Senior District Judge

ORDER OF COURT

AND NOW, this 7th day of August, 2013, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. [7]) is GRANTED and the matter is REMANDED consistent with the Opinion set forth above. Defendant's Motion for Summary Judgment (ECF No. [9]) is DENIED.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge